**In re LAKE GRADY ROAD AND BRIDGE DISTRICT, Debtor.**

**Bankruptcy No. 87–1590–8P9.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 24, 1990.

See also 119 B.R. 853.

Robin S. Trupp, Tampa, Fla., for debtor.

Larry Foyle, Tampa, Fla., for creditor Zaragosa Properties.

## ORDER ON MOTION FOR ENTRY OF CERTIFICATE OF SUBSTANTIAL CONSUMMATION AND APPLICATION FOR FINAL DECREE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 9 case of Lake Grady Road & Bridge District (Debtor), a statutorily established special tax district created under the applicable provisions of Chapter 336, *Fla.Stat.* (1973). The matters under consideration are a Motion for Entry of Certificate of Substantial Consummation (Motion) and an Application for Final Decree (Application) filed by the Debtor. Also under consideration is any objection (Objection) to the Motion filed by Zaragosa Properties, Inc. (Zaragosa). These matters were set down for hearing in due course with notice to all parties in interest, at which time the Court heard argument of counsel for the respective parties and now finds the facts relevant to a resolution of the matters presented as appear from the record are as follows:

The Debtor filed its voluntary Petition for Relief under Chapter 9 of the Bankruptcy Code on March 26, 1987, and in due course filed its Plan for the Adjustment of Debts, as modified, pursuant to 11 U.S.C. § 941. The Plan basically provided that it would be funded by an entity known as Shadow Run, which appears to be a trade name for Zaragosa. According to the Plan and the Contract for Sale (Contract) entered into between the Debtor and Zaragosa, Shadow Run was to furnish all funds necessary to consummate the Plan of Reorganization, to wit, $215,000 and in exchange, the Debtor would convey all its assets, less payment of professional fees, costs of administration and all expenses of operation, to Shadow Run free and clear of all liens, encumbrances, claims or interests of creditors. The Plan does not specify the assets which were to be transferred to Shadow Run; however, it appears that the assets include (1) the remaining cash on hand after paying operating expenses, (2) all outstanding tax certificates held by the Debtor, representing unpaid taxes by homeowners, and (3) an assignment of all causes of action with respect to construction of a dam located within the Debtor's boundaries or any improvements, including, but not limited to, causes of action based on breach of contract, breach of warranty, or negligence to the extent these causes of action are transferrable under the general principles of law or under the Bankruptcy Code. The Contract further provides that in addition to payment of the $215,000, Zaragosa is to provide a maintenance bond for the dam located within the Debtor's special tax district pending the dam's acceptance by Hillsborough County, or, in the alternative, procure Hillsborough County's acceptance of the dam.

It is without dispute that on January 15, 1988, the Court entered an Order confirming the Plan pursuant to 11 U.S.C. § 943(b). In addition to making the findings necessary for confirmation, the Order provided in Paragraph 13 that all assets of the Debtor would be conveyed to Zaragosa free and clear of all liens upon Zaragosa's payment of the $215,000 purchase price.

The Order of Confirmation specifically reserved jurisdiction after confirmation and until final consummation to consider the allowance and disallowance of all claims, to

hear and determine any disputes concerning classification of claims, to authorize and approve interim or final disbursements by the Debtor, and to hear and determine any and all adversary proceedings or contested matters, controversies, suits or disputes which may be pending on the confirmation date as to which the bankruptcy court has jurisdiction under 28 U.S.C. § 157 and § 1334. Most importantly, the Order of Confirmation provides that the Court shall retain broad jurisdiction "to hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of this Plan", "to issue such orders as may be necessary for the administration and/or consummation of this Plan", and "to hear and determine all questions and disputes regarding construction of this Order or the Plan and regarding title to the assets of the estate, and to determine all controversies, disputes, conflicts or causes of action, whether or not subject to an action pending as of the confirmation date, between or among any party in interest."

It is interesting to note that on February 12, 1990, this Court entered an Order on its own motion and directed the Debtor to file all papers necessary for closing the case within 21 days. The Order further provided that in the event the Debtor failed to file necessary closing papers, the Court would consider the entry of an order vacating the Order of Confirmation and in turn dismissal of the case. In response to this Order, the Debtor filed a Motion on February 22, 1990, and sought additional time to close the confirmed case on the basis that there was a controversy pending between the Debtor and Zaragosa concerning Zaragosa's alleged failure to provide a maintenance bond for the dam and that the controversy regarding Zaragosa's obligation to furnish the bond and the amount of the bond must be resolved in this Court. Finally, the Debtor requested additional time to close the case in the event it was unable to resolve the impasse with Zaragosa so that this Court would be able to interpret the Order of Confirmation and the Contract between Zaragosa and the Debtor.

It appears that Zaragosa has, in fact, paid the sum of $215,000 required by the Order of Confirmation, which sum was used by the Debtor to pay all allowed claims, with the exception of three. According to counsel for the Debtor, these claims have not been paid because the creditors either can not be contacted or are unable to locate and surrender their bonds. The Debtor intends to deposit the funds owing to these three creditors in the registry of the Court.

■ Based on the Debtor's payment of all claims with the exception of these three, the Debtor contends that it has substantially consummated the Plan and, therefore, a Final Decree should be entered. In opposition, Zaragosa contends that the Debtor has failed to perform all its obligations under the Plan; specifically, the Debtor has failed to transfer all its assets to Zaragosa. To rebut Zaragosa's Objection, it is the contention of the Debtor that Chapter 9, unlike the other relief Chapters, significantly limits the Court's jurisdiction regarding disputes of this nature and does not grant this Court power to control or interfere with the business affairs of a municipality, particularly with the municipal debtor's ability to borrow monies. In support of this proposition, the Debtor points out that 11 U.S.C. § 364, which deals with a debtor's ability to obtain credit, is expressly excluded from Chapter 9 by 11 U.S.C. § 901, et seq. Based on this, it is the contention of the Debtor that its transaction with Zaragosa was simply a transaction whereby the Debtor borrowed funds from Zaragosa and, therefore, any obligations of the Debtor under this transaction are not a concern of this Court. One can give short shrift to this argument even without analyzing the transaction, since it is quite clear that the Debtor in no way obtained credit through the transaction. On the contrary, the transaction consisted of a *quid pro quo* transfer of assets by the Debtor in exchange for funds from Zaragosa, which were essential to confirmation of the Plan and payment of all allowed claims.

■ In addition, the Debtor contends first that even if it has breached the Con-

tract, Zaragosa is only entitled to an administrative claim based on breach of contract and nothing more. Second, the Debtor contends that Zaragosa is not a party of interest since it has no valid administrative claim against the Debtor inasmuch as it filed none prior to the October 23, 1987, claims bar date fixed by this Court, and any claim asserted now is time barred. The answer to this wholly baseless proposition is equally easy, since obviously Zaragosa could not have filed or asserted any claim against the Debtor until long after the bar date *and* the Order of Confirmation when the Debtor refused to live up to its bargain and convey the assets described in the Plan.

Having concluded that this Court has ample jurisdiction to consider the dispute between Zaragosa and the Debtor, this leaves for consideration the merits of the Motion and, in turn, the entry of a Final Decree closing the case. It should be noted first that the closing of a Chapter 9 case is governed by § 945, which provides as follows:

(a) The court may retain jurisdiction over the case for such period of time as is necessary for the successful implementation of the plan.

(b) Except as provided in subsection (a) of this section, the court shall close the case when administration of a case has been completed.

Zaragosa's opposition to the Debtor's attempt to seek the entry of a Final Decree and close the case is based primarily on the proposition that administration of this case has not been completed in light of the fact that the Debtor has failed to transfer its assets to Zaragosa, as required by the Plan and Order of Confirmation. Zaragosa points out that there is currently pending in this Court not only Zaragosa's Motion To Compel the Debtor to perform the Contract, but also an adversary proceeding in which Zaragosa seeks in part basically nothing more than an order compelling the Debtor to specifically perform the Contract. As this Contract is the very essence and underlying basis for the Debtor's confirmed Plan, it is quite evident that

the administration of this case has not been completed. The Order of Confirmation expressly reserves jurisdiction for the purpose of hearing and determining all questions and disputes regarding construction of the Order of Confirmation and the Plan, regarding title to the assets of the estate, and regarding all controversies, disputes, conflicts, causes of action between or among any party in interest. It certainly ill behooves this Debtor to urge that this Court is without jurisdiction and lacks power to consider the interpretation of the very Contract, which is the heart of the entire Plan. This being the case, this Court is satisfied that the Motion and Application are without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Certificate of Substantial Consummation and the Application for Entry of Final Decree be, and the same are hereby, denied.

DONE AND ORDERED.